UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LARRY H. DUNN, JR.,

        Petitioner,

      v.                                                     Case No. 18-C-700

CATHY JESS,

        Respondent.

## ORDER FOR RELEASE

On December 31, 2019, the court granted Petitioner Larry Dunn, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, finding that Dunn's rights under the Sixth Amendment were violated when his trial counsel provided ineffective assistance in failing to investigate and offer evidence to support a no-causation defense. Dkt. No. 21. The court granted Dunn's motion for expedited release on personal recognizance on February 13, 2020, subject to U.S. Probation submitting to the court a release plan and appropriate conditions of release. U.S. Probation submitted a release plan and appropriate conditions for release on February 28, 2020.

The court will order that Dunn be supervised by the United States Probation Office for the Eastern District of Wisconsin. United States Probation Officers are authorized to undertake such supervision pursuant to 18 U.S.C. § 3603(10) and courts routinely order such supervision when persons are released under Fed. R. App. P. 23. Not only will the United States Probation Office monitor Dunn's compliance with the conditions of release the court will impose, but probation officers are experts in addressing the issues that Dunn is likely to face upon being released.

Dunn's release pending appeal is subject to the following conditions. Violation of any condition may result in the court ordering Dunn returned to custody pending the outcome of the appeal.

1. Dunn shall not commit another federal, state, or local crime.

2. Dunn shall not illegally possess or use any controlled substance.

3. Dunn shall report to the probation office in the district to which Dunn is released within 72 hours of release from the custody of the Department of Corrections and shall report to the probation officer in a manner and frequency as reasonably directed by the court or probation officer.

4. Dunn shall not leave the State of Wisconsin without permission of the court or probation officer.

5. Dunn shall answer truthfully all inquiries by the probation officer subject to his Fifth Amendment right against self-incrimination and follow the reasonable instructions of the probation officer.

6. Dunn shall use his best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons (e.g., childcare, eldercare, disability, age, or serious health condition).

7. Dunn shall notify the probation officer at least ten days prior to any change in his place of residence or place of employment. When such notification is not possible, Dunn shall notify the probation officer within 72 hours after the change.

8. Dunn shall not knowingly go to places or enter buildings where controlled substances are unlawfully sold, used, distributed, or administered.

9. Dunn shall not associate with any persons known by him to be engaged, or planning to be engaged, in criminal activity. "Associate," as used here, means reside with/or regularly socialize with such person.

10. Dunn shall permit a probation officer to visit him at reasonable times at home and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. Dunn shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

12. After release from imprisonment Dunn is to reside for up to the first 60 days in a residential re-entry center upon the first available vacancy. Dunn is to obey the rules of that facility and acknowledge in writing receipt of such rules.

13. Dunn is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his probation officer, until such time as he is released from such program. Dunn shall pay the cost of this program under the guidance and supervision of his supervising probation officer. Dunn is to refrain from the use of all alcoholic beverages throughout the supervised release term.

14. Dunn is not allowed to work at a tavern or patronize taverns or any establishments where alcohol is the principal item of sale.

15. Dunn shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation(s) and counseling as approved by his supervising probation officer. Dunn shall pay the cost of such treatment under the guidance and supervision of his supervising probation officer.

16. Dunn shall have no contact with the victim's family (including letters, communication devices, audio or visual devices, visits, or any contact through a third party) without prior written consent of the court or his supervising probation officer.

**IT IS THEREFORE ORDERED** that the respondent shall release Dunn upon the United States Probation Office verifying that a bed space has been confirmed at a Residential Re-Entry Center (RRC) and contacting Dunn's attorney to arrange transportation to the RRC.

Dated at Green Bay, Wisconsin this 3rd day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
